IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CV-598-BO
NO. 5:01-CR-128-BO

| | |
|---|---|
| JEFFREY BRADFORD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Respondent. ) | O R D E R |
| ) | |
| _____ ) | |

This matter is before the Court on Petitioner's Motion to Vacate under 28 U.S.C. 2255, filed February 4, 2011. Petitioner claims that his Freedom of Information Act (FOIA) request to the FBI recently generated witness impeachment material that the government suppressed at his 2001 trial. The Government motions for dismissal, or in the alternative, Summary Judgment.

The Government's Motions are DENIED and the Court GRANTS Petitioner's request for an evidentiary hearing.

The Court also APPOINTS counsel for the Petitioner and GRANTS Petitioner's request for the trial transcript.

## BACKGROUND

On May 22, 2001, the Grand Jury issued an indictment that charged Petitioner with armed bank robbery, in violation of 18 U.S.C. § 2118(a) and (d). (D.E. #1). On August 2, 2001, Petitioner was arraigned and pleaded not guilty before this Court.

On June 22, 2001, Petitioner requested all Brady materials, including all witness statements and witness impeachment material. (DE # 9). Petitioner also states that he specifically

1

requested FBI '302's,' which are forms that FBI agents use to summarize witness interviews. Mot. at 14.[1]

On August 28, 2001, Petitioner's trial began. Among the witnesses were three bank tellers and a FBI agent. Petitioner states that as the FBI agent was testifying, Petitioner's counsel repeated his request for pre-trial witness statements. According to Petitioner, this Court then asked the prosecutor where the statements were. The Prosecutor responded that he "did not know where they were or what happened to them." Id. According to Petitioner, this Court then asked the prosecutor if he was "trying to control the trial." The prosecutor said no, and that in "good faith and clear conscience" he did not know where the witness statements were. This Court also asked the testifying FBI agent if he knew were the statements were, and the FBI denied knowledge.

Petitioner alleges that during deliberation, the jury asked for the witness statements, and this Court told them they did not exist. Id. On August 30, 2001, the jury returned a guilty verdict.

On December 20, 2001, the Court sentenced Petitioner to 300 months' imprisonment, five years of supervised release, and ordered Petitioner to pay a $100 special assessment and $4500 in restitution.

On December 21, 2001, Petitioner filed a notice of appeal. (D.E. #40). The Fourth Circuit Court of Appeals affirmed Petitioner's conviction on August 30, 2002. (C.A.D.E. #41). This Court entered judgment on his conviction on October 24, 2002.

The Petitioner filed a FOIA request for all available information regarding his case from the FBI on February 5, 2010. Petitioner states that on September 24, 2010, he received a package of approximately 103 documents that were mostly FBI 302 forms summarizing pre-trial

---

[1] Although Petitioner cites these requests at (DE ## 17,18), these documents are not currently available on the Docket to the Court.

interviews with witnesses. Mot at 15. According to the Petitioner's quotations from these documents, the bank tellers' pre-trial statements showed multiple and dramatic inconsistencies among the witnesses and with the witnesses later trial testimony. These consistencies concerned the alleged bank robber's gun, height, accent, eye color, pants, weight, and whether the robber wore gloves. The statements were also inconsistent regarding whether the robber ever removed his mask, allowing the tellers to see his face.

I. DISCUSSION

Whether a Brady violation occurred in Petitioner's case is tied to both the threshold jurisdictional requirement of timeliness as well as the substantive merits of Petitioner's claims. The Court finds that the Petitioner has asserted a plausible Brady violation that if proven, would both equitably toll his claim as well as potentially vacate his conviction. The Court thus orders an evidentiary hearing

A. Equitable tolling

As a threshold issue, Petitioner has stated a plausible claim for equitable tolling. Petitioner claims he did not receive Brady evidence until he filed a FOIA request. Under these facts, Petitioner's Claim is equitably tolled.

In the Fourth Circuit, the "extraordinary circumstances" test governs the application of equitable tolling. Section 2255 allows for equitable tolling in those "'rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Rouse v. Lee, 339 F.3d 238, 246 (4th Cir.2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir.2000)). To be entitled to equitable tolling, a habeas petitioner must show that (1) he has pursued his rights diligently and (2) some "extraordinary circumstance" prevented him from

filing in a timely manner. Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007).

Here, Petitioner claims the Government violated its constitutional duty to provide Brady material. This qualifies as an extraordinary circumstance external to the Petitioner's conduct. Additionally, there is every indication that the Petitioner acted diligently. First, a defendant should be able to rely on a prosecutor's assertion that that he complied with Brady. The Petitioner here, however, surpassed the diligent perusal of his rights by requesting Brady material prior to trial as well as during trial. According to the Petitioner, suppression was only discovered years later when it happened to be revealed in response to a FOIA request.

The Government argues that the Petitioner should have filed the FOIA request earlier. This is nothing less than absurd. A defendant should not be obligated to file a FOIA request just to ensure that the Government abides by its duties.

Under these alleged facts, it would be unconscionable to enforce the limitation period against Petitioner. The Court will wait until the evidentiary hearing to make a final determination regarding equitable tolling.

## Whether a Brady violation occurred

Similarly, Petitioner has also stated a plausible claim for relief under § 2255. Under the facts alleged by the Petitioner, the Government's actions violated the Brady doctrine set forth in Brady v. Maryland and its progeny. 373 U. S. 83. As there are facts in dispute, Defendant's Motion for summary judgment is premature.

In order to demonstrate a Brady violation Petitioner must show that "(1) the evidence at issue must be favorable to the defendant, with directly exculpatory or impeachment value; (2) it must have been suppressed by this state, whether willfully or inadvertently; and (3) it must be

material." Spicer V. Roxbury correctional Institute, 194 F.3d 547, 555 (4th Cir. 1999)(citations omitted).

Notably, Brady applies "irrespective of the good faith or bad faith of the prosecution." Brady, 373 U.S. at 87. Similarly, failure to disclose because evidence is in possession of another government department is no defense under Brady. See, e.g., Youngblood v. West Virginia, 547 U.S. 867 (2006) (holding that Brady suppression occurs when the government fails to turn over even evidence that is known only to police investigators and not to the prosecutor); Kyles v. Whitley, 514 U.S. 419, 437–38 (1995) (holding in the context of Brady that "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police").

Here, the Government does not contest that the allegedly suppressed documents contained directly impeachable evidence, and that such evidence was material. An evidentiary hearing however, would be necessary to confirm the content and materiality of the documents. An evidentiary hearing would also be necessary to determine whether the documents in question were suppressed, a point denied by the Government.

a. Whether material was suppressed by the Government

The Government's arguments are insufficient to support their Motion for Dismissal or their Motion for Summary Judgment.

The Government primarily argues that the Petitioner never requested the FBI 302 forms at trial. The Government states that the trial transcripts show the Petitioner instead requested witness statements from bank robbery kits.[2] According to the Government, it was these statements that the prosecutor and the FBI agent denied knowledge of their location. This

---

[2] Apparently, after a bank robbery, victim tellers would lock the bank doors, sit down with their own kit, and write out their own account of the bank robbery.

argument, however, is meritless. First, the Defense requested <u>Brady</u> material prior to trial, including all witness statements and witness impeachment material. (DE # 9). More importantly, the Government's obligation to provide <u>Brady</u> material exists regardless of a Defendant's request. Thus, if the FBI 302s constitute <u>Brady</u> material, whether the Petitioner ever specifically requested the FBI 302s is irrelevant.

The Government also argues that prosecution did in fact turn over some FBI 302 reports during discovery, and that the Petitioner fails to specify which FBI 302 reports he received in discovery, and how the reports he received pursuant to the FOIA request differ from the discovery materials. This is clearly a factual issue that needs to be resolved at an evidentiary hearing.

Additionally, the Government argues that the jury never requested the pre-trial witness statements, but instead requested official transcripts of the three bank tellers' testimony. (Tr. at 365). Assuming this to be true, however, this would not weaken Petitioner's claim. To the contrary, it bolsters the Petitioner's argument that the tellers' testimony was significant to his conviction, and that evidence impeaching the tellers would thus be material. Indeed, the Government never contests the materiality of the impeachment evidence that Petitioner outlines in his motion.

## II. <u>CONCLUSION</u>

The Government's Motions are DENIED and the Court GRANTS Petitioner's request for an evidentiary hearing.

Additionally, the Court finds it is in the best interest of both the parties for Petitioner to be represented by counsel. The Court ORDERS the Office of the Federal Public Defender to

appoint counsel for Petitioner. The Court further ORDERS that the appointed counsel file a notice within 7 days of the entry of this Order.

Finally, the Court also GRANTS Petitioner's request for a copy of his trial transcript, and directs Petitioner's appointed counsel to contact the clerk's office for the copy.

SO ORDERED, this **10** day of July, 2011.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE