UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CV-598-BO
NO. 5:01-CR-128-BO

| | |
|---|---|
| JEFFREY BRADFORD )<br>)<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA ) | O R D E R |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE 50], Petitioner's Amended Motion to Vacate [DE 74] and the government's second Motion to Dismiss [DE 78]. A hearing was held on these matters before the undersigned on October 26, 2011, and March 7, 2012. For the reasons discussed below, the government's Motion to Dismiss is granted.

## BACKGROUND

On July 11, 2011, the Court entered an order granting Petitioner's request for an evidentiary hearing, appointing counsel, and denying the government's Motion to Dismiss. The Court hereby incorporates by reference the background and facts of this case enumerated in its order of 11 July 2011 [DE 58]. On September 27, 2011, the Court permitted Petitioner to amend his § 2255 petition to include a claim for ineffective assistance of counsel. Petitioner's evidentiary hearing began October 26, 2011, and was continued on March 7, 2012. On October 31, 2011, the government moved to dismiss Petitioner's Amended § 2255 petition. Petitioner did not respond to the government's second Motion to Dismiss.

## DISCUSSION

In its first Motion to Dismiss, the government argued that Petitioner's Motion to Vacate was untimely and should be dismissed. The Court in its July 11, 2011, order found that Petitioner had asserted a viable claim of a *Brady* violation, which, if proven, would both equitably toll the timeliness of his petition as well as potentially vacate his conviction. *Brady v. Maryland*, 373 U.S. 83 (1963). The Court found that under the alleged facts it would be unconscionable to enforce the limitations period against Petitioner and ordered that it would wait until the evidentiary hearing to make a final determination regarding equitable tolling.

Judgment on Petitioner's conviction was entered following appeal on October 4, 2002. Petitioner appears to have mailed the instant action on December 23, 2010, and this matter was filed on December 30, 2010 - well over one year from the date on which Petitioner's conviction became final. 28 U.S.C. § 2255(f)(1). Following two hearings on the matters, the Court now makes its final determination and holds that, as Petitioner concedes that no *Brady* violation in fact occurred, an application of equitable tolling in this matter would be inappropriate. Petitioner's Motion to Vacate is therefore untimely and must be dismissed.

Although the Court, out of an abundance of caution, permitted Petitioner to amend his § 2255 petition to include a claim of ineffective assistance of counsel, such amendment does not disturb the Court's prior holding that a determination on whether equitable tolling of the limitations period is appropriate in this matter would be made following the evidentiary hearing. Because the Court has determined that equitable tolling is inappropriate, causing Petitioner's original § 2255 petition to be untimely, Petitioner's Amended Motion to Vacate must also be untimely. Additionally, however, the Court notes that Petitioner was aware of the actions of trial

counsel that constitute his ineffective assistance claim as they involve counsel's actions leading up to and at trial in 2001, at which Petitioner was present. Petitioner could have raised such issue either on direct appeal or within one year of the date of his judgment becoming final. Finally, Petitioner's argument that he did not have access to federal legal materials until 2004 does not bolster his claim. Petitioner still waited over five years to file his § 2255 petition when he arguably had notice of his claim of ineffective assistance of counsel long before he was designated to federal custody in 2004.

## CONCLUSION

Accordingly, for the reasons discussed above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is untimely and must be DISMISSED [DE 50]. Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is also untimely and must be DISMISSED [DE 74]. The government's Motion to Dismiss [DE 78] is GRANTED. The Clerk is directed to enter judgment accordingly.

SO ORDERED, this 5 day of April, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE