IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:01-cr-128-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JEFFREY BRADFORD | ) | |

This cause comes before the Court on defendant's motion for compassionate release. The government has responded in opposition and the matter is ripe for ruling. For the reasons that follow, defendant's motion is granted.

## BACKGROUND

On August 30, 2001, defendant was convicted by a jury on one count of armed bank robbery. The Court sentenced him to 300 months' imprisonment. He is currently serving that sentence at the Federal Correctional Institute at Cumberland (FCI-Cumberland), and is scheduled for release on September 23, 2025.

On April 2, 2020, defendant filed a motion for compassionate release, arguing that he received an erroneous career-offender sentence under a mandatory guideline regime. He argues that this constitutes extraordinary and compelling circumstances warranting compassionate release. The government opposed the motion, arguing that it should be construed as a second or successive 28 U.S.C. § 2255 motion. Defendant then moved to strike his motion and requested that the Court appoint counsel on his behalf to represent him in a compassionate release motion. The Court appointed the Federal Public Defender. On July 2, defendant, through appointed counsel, filed a supplemental motion for compassionate release.

In this second motion, defendant argues that in light of his health conditions, the COVID-19 pandemic—and its prevalence in BOP facilities—puts his life in serious jeopardy and that this qualifies as an extraordinary and compelling reason warranting relief under 18 U.S.C. § 3582(c)(1)(A). Defendant is 55 years old. He is obese, has an extensive history as a smoker, and is susceptible to acute respiratory infections and shortness of breath. The government has responded in opposition, and the motion is ripe for disposition.

## DISCUSSION

Subject to few exceptions, a sentence that has been imposed may not be modified. 18 U.S.C. § 3582(c). One exception to this general rule applies where a defendant qualifies for a modification in his sentence due to certain age, health, or family circumstance factors, often referred to as compassionate release. 18 U.S.C. § 3582(c)(1)(A). Prior to the passage of the First Step Act on December 21, 2018,[1] the discretion to file a motion for compassionate release under § 3582(c)(1)(A) rested entirely with the Director of the BOP. Section 603 of the First Step Act amended § 3582(c)(1)(A) to provide that a defendant may request compassionate release from the sentencing court after exhausting his administrative remedies.

Compassionate release may be available to defendants where (1) extraordinary and compelling reasons warrant a reduction in the sentence or (2) a defendant who is serving a sentenced imposed pursuant to 18 U.S.C. § 3559(c) is at least seventy years old and has served at least thirty years in prison. 18 U.S.C. §§ 3582(c)(1)(A)(i)–(ii). A reduction under either section must be consistent with applicable policy statements issued by the United States Sentencing Commission. *Id.* at (c)(1)(A). When reducing a term of imprisonment via compassionate release,

---

[1] Pub. L. 115-391, 132 Stat. 5194.

a court "may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment[.]" *Id.*

The Guidelines provide three categories of circumstances that are extraordinary and compelling. U.S.S.G. § 1B1.13, comment. n.1. The first concerns the medical condition of the defendant (section A), the second concerns the age of the defendant (section B), and the third concerns the family circumstances of the defendant (section C). There is also a fourth category, a catchall provision, which permits the Director of the Bureau of Prisons to identify other extraordinary circumstances that are not set out by the Guidelines (section D). U.S.S.G. § 1B1.13 comment. n.1(A)–(D). This Court is in agreement with the other courts that have decided that judges have discretion to afford relief to defendants under § 3582(c)(1)(A) even where circumstances do not fit squarely within the current policy statement of the Sentencing Commission as reflected in U.S.S.G. § 1B1.13. *United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at *4 (D. Utah Feb. 18, 2020) (listing cases holding same). While the applicable policy statement "provides helpful guidance, it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction." *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019).

Finally, when assessing a request for compassionate release, a court must also consider the 18 U.S.C. § 3553(a) factors and determine whether the defendant is a danger to the safety of another person or the community.

To start,[2] the parties agree that defendant's obesity and susceptibility to acute upper respiratory infections create an extraordinary and compelling reason under § 3582(c)(1)(A)(i).

---

[2] The government does not argue that defendant failed to exhaust his remedies with the Bureau of Prisons. Accordingly, the Court goes right to the merits of the motion. *United States v. Haney*, No. 19-CR-541, 2020 WL 1821988, at *3 (S.D.N.Y. Apr. 13, 2020) (holding that 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement is nonjurisdictional).

Specifically, defendant presents "serious physical or medical condition[s] . . . that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which [he] is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(I). The Court finds that defendant's health issues, in light of the COVID-19 pandemic, rise to the level of extraordinary and compelling circumstances.

Because defendant has demonstrated extraordinary and compelling circumstances, the Court must consider the 18 U.S.C. § 3553(a) factors and well as defendant's dangerousness to another person or the community if released. Defendant has served nearly 17 years in federal custody, but he has been in continuous custody for 19 years. After spending years in federal penitentiaries, defendant's security level has been reduced for good behavior, and he now resides at FCI-Cumberland. He had no infractions whatsoever from 2010 to 2018, and only a minor infraction in 2018. Defendant has dedicated his time to learning various trades. As a result of this hard work and training, defendant has been able to help the BOP repair several inoperable machines and has received monetary awards for his work performance. Given the demonstrated improvement and progress made by defendant, and after 19 years in custody, the Court concludes that the time he has served is sufficient to provide for just punishment, promote respect for the law, and deter this defendant and others from engaging in similar behavior.

Finally, the Court finds that defendant will not be a danger to another or the community if released. As stated above, defendant has had only one minor infraction in the last ten years, and he has developed trade skills that will help him find productive work once released. He is 55 years old and will face a period of supervised release during which his behavior will be monitored by Probation.

4

Based on the foregoing, defendant has demonstrated that extraordinary and compelling reasons warrant a reduction in his sentence and that a sentence reduction otherwise comports with the applicable statutory and policy requirements.

## CONCLUSION

The motion for compassionate release [132] is GRANTED. Defendant's term of imprisonment is REDUCED to TIME SERVED. All other terms and conditions of the judgment remain in full force and effect. The remaining motions [DE 121, 125, 127] are DENIED WITHOUT PREJUDICE AS MOOT.

SO ORDERED, this **30** day of July, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE